Carl D. Crowell, OSB No. 982049
email: crowell@kite.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **VOLTAGE PICTURES, LLC,**<br><br>        Plaintiff,<br><br>v.<br><br>**DOE NO. 1,**<br><br>        Defendant. | Case No.:  6:14-cv-00816-MC<br><br>PLAINTIFF'S MOTION TO REMAND |

LR 7-1 Conferral

Plaintiff has conferred with counsel of record for Doe No. 1 on the subject matter of this motion by telephone and email.  Counsel of record opposes this motion, but refuses to confirm whether or not they actually represent Doe No. 1.

MOTION

Plaintiff moves this court to remand this matter pursuant to 28 U.S.C. § 1447(c) due to lack of subject matter jurisdiction and defect in removal.

///

MEMORANDUM

I.     INTRODUCTION

Plaintiff Voltage Pictures, LLC seeks an order remanding this action[1] back to Marion County Circuit Court on the grounds that this Court is without jurisdiction over the action and removal was improper.

Plaintiff's complaint raises no federal question and is purely a matter of state law. Anonymous defendants, unknown in name and number, filed for removal to bring this case out of State Court. Because this matter is without federal question or subject matter and because removal by anonymous parties is improper, remand to the Marion County Circuit Court for further proceedings is proper.

II.    BACKGROUND

  a.  *Present case procedural history.*

Plaintiff initially filed its claim in Marion County Circuit Court against joined Does 1 – 50 seeking to enforce its state trademark rights. Unknown defendants filed a motion to dismiss or in the alternative for modification of an associated subpoena, asking for increased supervision by the state court. In doing so, the parties affirmatively sought substantive relief before the state court prior to filing for removal. This matter was then removed, presumably by the same unknown defendants, and the court then *sua sponte* severed and dismissed all defendants beyond Doe No. 1. Plaintiff now seeks remand.

  b.  *BitTorrent Litigation*

Plaintiff has presented its claim in an effort to enforce its rights and combat the proliferation of piracy through the Internet. In a field thick with arguments both in favor of defending rights and opposing those who would enforce rights (permit piracy) the gist of all of

---

[1] A mirror motion is being filed in the co-pending related case of 6:14-cv-00812-MC.

this is that there is a problem with respect to piracy and counterfeiting. While many call for reform of the law in response to rightsholder actions related to Internet piracy and argue the remedies are draconian, the truth is the last time the U.S. Congress looked at the issue of Internet piracy it responded with an *increase* of damages from $100,000 per violation to $150,000 with the Digital Theft Deterrence and Copyright Damages Improvement Act of 1999. After looking at the prevalence of Internet piracy Congress expressly found, "many infringers do not consider the current copyright infringement penalties [$100,000.00] a real threat and continue infringing…it is manifest that Congress respond appropriately with updated penalties to dissuade such conduct. H.R. 1761 increases copyright penalties to have a significant deterrent effect on copyright infringement." 1999 Congressional Record, Vol. 145, Page H6798, House Report 106-216 (August 2, 1999). Locally piracy has been recognized with the Oregon House of Representatives' House Memorial 2 in 2013, calling for increased efforts to combat piracy and counterfeiting and recognizing, "protecting and enforcing intellectual property rights is crucial to the future of our innovation-based economy." House Memorial 2, 2013.

  The problem, piracy and what to do about it, needs to be addressed. Congress' response is to impose such severe penalties, first $100,000 and then increasing to $150,000 per infringement, that parties would not risk being caught. Unfortunately, even the increased penalties fail to have the desired effect and have instead opened the system to both perceived and at times likely actual abuse.

  To overcome some of the difficulties with past rightsholder actions, including criticism Voltage has faced in Oregon[2], Voltage has now presented a modality of enforcement that is both novel and efficient and directly addresses many of the concerns of those who oppose rightsholder actions including defendants. Voltage has elected to seek relief exclusively under Oregon law,

---

[2] Voltage Pictures v. Does 1-198 , 6:13-cv-290-AA, Order dated May 4, 2013 (#50)

avoiding the issues of significant statutory penalties under federal law. As reviewed below, Voltage's rightsholder actions in state law are both proper and should not only be allowed, but should be commended. While many opponents may argue against Voltage's actions, what they actually argue against is the application of Congress' severe statutory penalties that attempt to curb piracy and the costs and burdens of adjudicating rights in federal court. When the true legitimate aspects of the opposition are considered, such arguments support Voltage's current novel position.

        c. *Plaintiff Voltage in Oregon*

Voltage has filed a number of actions in Oregon to enforce its copyrights and it certainly has the capacity to do so. It is notable that counsel for the unknown removing defendants has previously argued against Voltage claiming Voltage is not the proper rightsholder to bring such actions in instances where Voltage is merely the assignee of rights. *Voltage v. Harwood,* 3:13-CV-00839-AA (D.Or.). As such it seems that when Voltage is merely a trademark holder, and seeks to enforce trademark rights, defendants argue that Voltage should instead pursue such rights in copyright, yet when Voltage appears as an assignee of copyrights, defendants argue that Voltage should not be permitted to do so.

Regardless, many of the objections to enforcement actions of Voltage and other rights holders are based on arguments that plaintiff's do not seek to legitimately enforce their rights, but merely seek to extort settlements with the threat of statutory copyright damages ($150,000 pursuant to 15 USC § 503). Yet a review of the actual facts make clear this is not the case for Voltage in this state.

In Oregon Voltage has obtained judgments and injunctions in six cases, 1:13-cv-00293-AA, 3:13-cv-00296-AA, 6:13-cv-00290-AA, 3:13-CV-00855-AA, 2:13-cv00292-AA and 3:13-

CV-00869-SI, a dismissal without prejudice in one 3:13-cv-00836-AA, and one case which is still pending against a party represented by counsel for defendant in this case 3:13-CV-00839-AA.[3] Voltage has a "6 for 6" record in adjudicating its rights in Oregon. It cannot be claimed that Voltage is not legitimately seeking to enforce its rights.

More significantly, when Voltage comes to court with a means of both enforcing its rights and not even raising the issue of damages, defendants object and argue that Voltage should pursue the very claims which impose $150,000 statutory damages previously objected to. In other words, when Voltage seeks to enforce its rights through copyright (3:13-CV-00839-AA), parties argue against it claiming it does not have standing and argue that Voltage is attempting to exploit the $150,000 statutory damages provisions of copyright law in an unjust manner. Yet now when Voltage seeks to enforce its rights in trademark and forgo even the shadow of damages, the arguments are Voltage should instead proceed in copyright.

Voltage has state and federal rights, just as it has copyrights and trademark rights. But when taken as a whole, the arguments against Voltage are not arguments against excessive damages, jurisdiction, or standing, but arguments against any enforcement. Namely, defendants generally do not object to a specific manner of Voltage's enforcement, but that there is any enforcement in *any* manner.

### III. LEGAL STANDARD FOR REMAND

Removal is allowed if an action could have originally been filed in federal court. 28 U.S.C. § 1441. If there is a defect in removal or if the district court lacks jurisdiction remand is proper. 28 U.S.C. § 1447(c).

---

[3] Voltage is a party to two cases in association with the motion picture The Company You Keep, 6:14-CV-00300-AA and 6:14-CV-00301-AA, however defendants have not yet been identified in those cases.

Federal courts can adjudicate only those cases authorized by the Constitution or Congress. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) ("[f]ederal courts have no power to consider claims for which they lack subject-matter jurisdiction"). A federal court must establish it has jurisdiction before proceeding to the merits of the case. *Steel Co. v. Citizens for Better Environment,* 523 U. S. 83, 101 (1998).

Federal question jurisdiction is governed by the "well-pleaded complaint rule." Removal is allowed only if a federal question appears on the face of a well-pled complaint unaided by an answer or petition for removal. *Caterpillar*, 482 U.S.at 392.  For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936).  A plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S.at 392.

To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).  Federal courts must remand an action *sua sponte* if they determine that they lack subject matter jurisdiction or if the removing party fails to meet its burden. 28 U.S.C. § 1447(c); *Gaus,* 980 F.2d at 566.
///

IV.     DEFENDANTS REMOVAL IS INSUFFICIENT AND DEFECTIVE

    *a. Defendants' have failed to present sufficient evidence for removal.*

The party seeking removal bears the burden of establishing federal jurisdiction. *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999), overruled on other grounds, *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir.2006). A defendant seeking removal of an action to federal court must prove by a preponderance of the evidence, including "summary-judgment-type evidence" that removal jurisdiction existed at the time of removal. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Conclusory allegations are not sufficient and doubts as to removability are resolved in favor of remanding the case to state court. *Id*.

Defendants' Notice of Removal is insufficient as presented. Defendants' sole basis for removal is the assertion:

> d. Although Plaintiff's sole claim purports to be a state law trademark claim (not a federal Lanham Act claim or a Copyright Act claim), it seeks "an injunction against those who would, without authorization, copy, reproduce and distribute motion pictures." Accordingly, and as the removing parties contemplate briefing in further detail in an appropriate motion, the only subject matter at issue is a copyrightable motion picture, and the only kind of rights being asserted are exclusive Copyright rights, namely the rights to copy and distribute content, so the state trademark claim here is preempted by and arises under the Copyright Act (see 17 U.S.C. § 301), such that removal is appropriate here, based on the authorities noted above in subsection (c).

Dkt. 1-1, pp. 2-3

Defendants' removal fails to make anything more than general conclusory statements, much less present a sufficient "summary-judgment-type evidence" to make their heavy burden to support removal, as such remand is proper. *Id*.

      *b.  Defects in removal warrant a remand to state court.*

    If there is a defect in removal remand is proper. 28 U.S.C. § 1447(c).  Removal is strictly construed against jurisdiction with the federal courts. *Gaus*, 980 F.2d at 566.  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal…" *Id.*  It is the burden of the removing party to prove removal was proper.  *Id.*  Generally, when there is more than one defendant in the action, the unanimity rule requires all defendants join in the removal. *Chicago Rock Island & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248 (1900); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986)(applying the unanimity rule to a removal under 28 U.S.C. Sec. 1443); *Blum v. Indymac Mortgage Servs*. No C 09-2286-VRW, at 3 (N.D. Cal. Feb. 3, 2010).

    In the present case the defect in removal transcends a mere failure to join all defendants, as the removing parties are completely anonymous and unknown, it cannot be affirmed that any of the defendants join in the removal and as such remand is proper.

      *c.  The Court should not recognize removal by anonymous parties.*

    FRCP 10(a) requires the names of all parties in pleadings.  Anonymity is disfavored and the public has a compelling interest in open judicial proceedings.  *E.E.O.C. v. Erection Co., Inc.*, 900 F.2d 168 (9th Cir. 1990).  The 9th Circuit allows pseudonyms in public documents only in the "unusual case" when nondisclosure of the party's identity "is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981).  Secreting a party from an opponent almost never allowed as a party's request for anonymity does not outweigh an opposing party's right to present their case absent even more severe "special circumstances." *Does I thru XXIII v.  Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000).  The public interests is best served when identities are

revealed. *Id.* The present case is neither an "unusual case" nor is there any evidence of "special circumstances" nor any showing to contravene the public policy favoring disclosure. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).

Oregon's prohibitions on anonymity are broader still. Article I, section 10, of the Oregon Constitution, provides, in part: "No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay[.]" "Section 10 is written in absolute terms; there are no explicit qualifications to its command that justice shall be administered openly. In order to be constitutional, a proceeding must either not be secret or not 'administer justice' within the meaning of section 10." *Oregonian Pub. Co. v. O'Leary*, 303 Or. 297, 302 (Or., 1987) "[E]ven assuming that the witness has a secrecy interest, it cannot limit the unqualified command of section 10 that justice shall be administered openly. The government cannot avoid a constitutional command by 'balancing' it against another of its obligations. … In this instance, the government cannot create a secret court by pleading that it must act in secret in order to avoid infringing the witness's secrecy interest or constitutional right against self incrimination." *Id.* at 303. "[A]ll actions or suits shall be prosecuted in the name of the real party in interest. There can be no question about the wisdom of this rule, and it should be strictly adhered to in all cases which do not come within the exceptions to it, as declared by statute." *Hendrickson's Estate v. Warburton*, 276 Or. 989 (1976), quoting *King v. Boyd*, 4 Or. 326 (1873).

Absent leave of the court, parties may not appear anonymously pursuant to the Oregon Constitution and the Federal Rules. The court should properly strike all motions by anonymous parties, and at most grant parties leave to re-file should it consider such proper. Defendants should not be permitted to escape the Oregon Constitution in their removal to federal court. Plaintiff expressly waives objection to the identities of the parties being filed under seal. As

defendant's counsel has himself quoted to the State Court "[s]unshine is the best disinfectant" and the mandate "to proceed in full sunlight" should apply equally to all parties. Defendants' Motion to Dismiss, p. 13.

        d. *Defendants may have waived the right to remove.*

As a further example of why anonymous parties should not be permitted to remove an action, unknown defendants represented by the same counsel who filed for removal, previously filed a motion to dismiss or modify the outstanding subpoenas advancing a petition for substantive relief from the state court prior to filing for removal.

A party "may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). Determining whether a defendant has "waived [its] right to remove based on active participation [in state court] must be made on a case-by-case basis." *Oster v. Standard Life Ins. Co.*, Case No. CV 09-00851, 2009 WL 1260174 (N.D. Cal. May 6, 2009) (quoting *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004)). While select defendants have already moved for substantive relief in state court, namely dismissal, by improperly remaining anonymous defendants would be permitted to freely bypass any waiver of removal.

The court should find removal by anonymous defendants is improper and that any defendant who has filed a motion to dismiss in state court has waived rights to remove.

    V.    REMAND IS MANDATORY AS THERE IS NO FEDERAL QUESTION

Plaintiff Voltage has a *state* trademark in Registration No. 42677 for the mark VOLTAGE PICTURES. Decl. Counsel,¶ 3, Exhibit 1. The state registration grants Voltage

rights under ORS 647.105, "to proceed in a civil action to seek an injunction against the … use, display or sale of a counterfeit or imitation of the mark." ORS 647.105. Plaintiff's sole claim for relief is pursuant to state rights. Plaintiff does not invoke or rely on any federal claim or right. Plaintiff's complaint is without federal question making remand mandatory. *Caterpillar*, 482 U.S. at 392.

Plaintiff maintains defendants' removal is vague and insufficient and must be rejected. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d at 1090. However, plaintiff addresses anticipated further arguments as follows:

    *a. There is no federal preemption of state trademark rights*

Federal law specifically contemplates state trademark protections that may be broader than provided for under federal law. 15 U.S.C. § 1065. "There is no dispute that Oregon law's coverage for trademark and unfair competition is at least co-extensive with that of federal law, *if not broader*." *Zipee Corp. v. U.S. Postal Service*, 140 F.Supp.2d 1084, fn. 4. (D. Or., 2000)(emphasis added), citing *Classic Instruments, Inc. v. VDO-Argo Instruments, Inc.*, 73 Or. App. 732 (1985).

Voltage has a *state* trademark in Registration No. 42677 for the mark VOLTAGE PICTURES. Decl. Counsel,¶ 3, Exhibit 1. The state registration grants Voltage rights under ORS 647.105, "to proceed in a civil action to seek an injunction against the … use, display or sale of a counterfeit or imitation of the mark." ORS 647.105. Unlike the federal Lanham Act, there is no requirement for use in commerce or a sale as the state right is not relying on the Commerce Clause of the U.S. Constitution. US Const. Art. II, Sec. 1, cl. 3. Similarly, the traditional trademark strictures related to "likely to deceive" are not present in ORS 647.105. As such Voltage's state trademark rights are distinct and broader than those under federal law.

Should parties wish to import the language of ORS 647.095 into the scope of rights granted under ORS 647.105, the state statutory prohibited acts include "distribution" of a reproduction of the registered mark, which is clearly covered in BitTorrent piracy. ORS 647.095 And while ORS 647.095, unlike ORS 647.105, does include "likely to deceive" language, counterfeit marks must be inherently accepted as deceptive, otherwise an indistinguishable knockoff would immunize a forger or pirate. *Phillip Morris USA Inc. v. Shalabi,* 352 F. Supp. 2d 1067 (C.D. Cal. 2004). Voltage's state trademark is proper and valid and should be enforced.

  b. *There is no federal copyright preemption.*

To the extent courts have looked to preemption issues, they have been based on instances where there is conflict and rights have been vested in the public domain or another party, and there is an attempt to wrest vested rights in a conflicting application of common law or trademark law. See *Dastar, supra*. For the courts to look at preemption there must first be a conflict between copyright and trademark rights. *Shroyer v. New Cingular Wireless Services, Inc.*, 498 F.3d 976 (9th Cir., 2007) (Conflict preemption only where a conflict exists.) In this case there are no copyrights in conflict with plaintiff's trademark rights, as such there is no conflict that could give rise to preemption analysis.

While there may be a misplaced objection to a work being protected by both copyright and trademark, there is no conflict in this. Dual protection has been addressed a number of times and the courts have always found, "Copyright infringement and trademark infringement are two different wrongs which can at times be committed by a single act. The court may award statutory damages for copyright infringement and actual damages, possibly trebled, for trademark infringement. This is not considered a double recovery." *Symantec Corp. v. Cd Micro, Inc.*, 286 F.Supp.2d 1278, 1282 (D. Or., 2003), (dealing with copied CD's) citing *Nintendo of America,*

*Inc. v. Dragon Pacific International*, 40 F.3d 1007, 1011 (9th Cir.1994), cert. denied, 515 U.S. 1107 (1995). Just because the defendant may be liable for copyright infringement, this does not insulate them from trademark infringement liability. *Id.* Two wrongs do not make a right and there is no mutual exclusivity among copyright and trademark causes of action.

The express language of the copyright law makes clear, "[n]othing in this title annuls or limits any rights or remedies under the common law or statutes of any State with respect to … subject matter that does not come within the subject matter of copyright as specified by sections 102 and 103…" 17 U.S.C. § 301(b). When a state law provides effective trademark protection or even copyright protection that extends beyond that provided by the federal law, there is no innate preemption. *G.S. Rasmussen & Associates, Inc. v. Kalitta Flying Service, Inc.*, 958 F.2d 896, 904 (9th Cir. 1992); *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001).

Voltage is not suing for the copying of the film, but for the fact that the defendants' reproduction, which was distributed through the BitTorrent network, bore its state registered name and trademark. When a state action is based on material not subject to copyright protection, such as a trademark, there is no federal copyright preemption even if the reproduction subsists within a photograph that might be covered by copyright. *Downing*, 265 F.3d at 1003-05,

    c.   *There is no copyright protection to cover the infringed material.*

An error in defendants' argument calling for Voltage to pursue its claims in copyright and in federal court is that Voltage's claim is limited to the infringement of its trademark *name,* which is not subject to copyright. "[W]ords and short phrases such as names, titles, and slogans" fall under the heading of "[m]aterial not subject to copyright." 37 C.F.R. § 202.1(a); *Trenton v. Infinity Broadcasting Corp.*, 865 F. Supp. 1416, 1426 -1427 (C.D. Cal.1994) (citing 37 C.F.R. § 202.1(a)); *Shaw v. Lindheim*, 919 F.2d 1353, 1362 (9th Cir.1990). The name "VOLTAGE

PICTURES" is not subject to copyright as a matter of law, and therefore cannot serve as the basis for a copyright action. Accordingly, plaintiff's claim for the improper distribution and use of its trademarked name cannot create a conflict as it cannot be brought in copyright and is excluded from federal copyright law.

    d.  *Laws v. Sony Music* is inapplicable.

Arguments that the trademark claims of Voltage are inseparable from copyrights based on *Laws v. Sony Music Entertainment, Inc.*, 448 F. 3d 1134, (9th Cir., 2006), are misplaced. As reviewed above, a single act of copying can result in both copyright and trademark infringement. *Symantec Corp. v. Cd Micro, Inc.*, 286 F.Supp.2d at 1282.

Factually *Laws* is highly distinguishable. After assigning all copyrights to Sony Music, Laws attempted to claw back rights by asserting common law claims to limit Sony Music's ability to exercise its copyrights. In effect, Laws attempted to create a secondary state claim that trumped a copyright interest she previously gave to Sony Music. *Laws* v. *Sony Music* and *Dastar* hold that where there is a conflict between state law and federal copyright law, the federal law will preempt the state claims. Unlike *Laws* and *Dastar* there is no conflict in the present action.

    e.  *The claims of Voltage are distinct from a copyright claim and separable.*

Further distinguishing the instant case from *Laws* is that the creative and original motion picture that might be the subject of copyright protection is distinct from the presentation of plaintiff's trademark. Voltage's trademark is presented prior to and separate from the motion picture and contains no copyrightable or creative content. Voltage's registration, a true copy filed herewith as Exhibit 1, is for a specific word phrase and mark. Exhibit 1. Preceding the presentation of the copyrightable subject matter in the material copied and distributed by

defendants is a distinct and separable presentation of Voltages' mark in red, a true image of such filed herewith as Exhibit 2.  Decl. Counsel,¶ 4, Exhibit 2.  Further, following the conclusion of the copyrightable subject matter, Voltage's mark is again presented as a distinct separable image, a true image of such filed herewith as Exhibit 3.  Decl. Counsel,¶ 5, Exhibit 3.   These distinct marks are visible in the counterfeit file distributed by defendant.  Where *Laws* dealt with overlapping conflicting inseparable protection of a singular song and there was no separate content, in this case the presentation of plaintiff's trademark is distinct and separate from the copyright subject matter.

    f. *State court jurisdiction in this matter is **exclusive**.*

  Federal courts are limited in their jurisdiction to matters that "arise under" federal law or where there is diversity jurisdiction.  28 U.S.C. §§ 1331, 1332. Voltage has a registered a state trademark with the State of Oregon under state law.  Such registration grants Voltage rights under ORS 647.105, for which relief is sought.  No federal law is implicated and Voltage has neither plead diversity jurisdiction, nor is there a claim of sufficient amount to permit diversity jurisdiction.  *Id.* ; *Caterpillar*, 482 U.S.at 392.  While parties may object to jurisdiction in state court, this is not a matter of choice for Voltage as Voltage's claim *cannot* be heard in federal court.

  Even should defendant raise counterclaims or defenses of federal law, such would not vest a federal court with jurisdiction.  *Holmes Group v. Vorando*, 535 U.S. 826, 831 (2002); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).  State court jurisdiction is not only proper, it is mandatory and exclusive.

///

VI.    IN A NOVEL QUESTION OF STATE LAW, FEDERAL COURTS SHOULD ABSTAIN

The present case presents a novel issue with respect to state trademark law. When there is a question of first impression that is of substantial state interest, federal court should abstain from exercising jurisdiction and in the interests of comity should leave such matters to the state. *Colorado River Water Conrv. Dist. V. United States*, 424 U.S. 800, 814 (1976); *State v. Mushroom King, Inc*. 77 B.R. 813, 818 (D. Or. 1987). The present application of Oregon's state trademark law is an issue of first impression and should be left with the state courts.

VII.    THE COURT CAN REMAND THIS ACTION *SUA SPONTE*

A plain reading of the complaint and case history makes clear this is a matter of pure state trademark law and the parties have already elected to seek substantive relief from the state court, even if such relief is for the state court to find it does not have jurisdiction. There is no federal question at issue in this case. The Court should remand this matter back to state court *sua sponte*. 28 U.S.C. § 1447(c); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988).

VIII.    CONCLUSION

Wherefore, plaintiff asks the court to remand this matter to the courts of the State of Oregon to enforce state law and adjudicate state rights.

DATED: May 27, 2014.

                                                                                                                                 CROWELL LAW

                                                                                                                                  /s/ Carl D. Crowell
                                                                                                                                  Carl D. Crowell, OSB No. 982049
                                                                                                                                  email:  crowell@kite.com
                                                                                                                                  (503) 581-1240
                                                                                                                                  Of attorneys for plaintiff